(119 App. Div. 344)

## PEOPLE v. WAY.

(Supreme Court, Appellate Division, First Department. May 10, 1907.)

1. INDICTMENT—ASSAULT WITH INTENT TO KILL—EVIDENCE.
   On a trial for assault with intent to kill, it is sufficient to show that the person assaulted was known by the name specified in the indictment.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Indictment and Information, § 555.]

2. CRIMINAL LAW—EVIDENCE—HEARSAY.
   Evidence of the name by which a person is known is not the best evidence as to his true name set forth in an indictment; but it is not hearsay, within the rule excluding hearsay evidence.
   '[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 977.]

3. SAME—ASSAULT WITH INTENT TO KILL—DEMONSTRATIVE EVIDENCE.
   On a trial for assault with intent to kill by shooting at one since deceased, the admission in evidence of the jawbone of decedent, fractured by a bullet, was competent to corroborate the evidence that accused fired at decedent's chin, and to identify decedent as the individual on whom the assault was committed.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 891.]

4. WITNESSES—EXAMINATION—LEADING QUESTIONS.
   The trial court is vested with a reasonable discretion in permitting the district attorney in a criminal case to ask leading questions.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, § 795.]

5. SAME—IMPEACHMENT.
   The proof of the disposition of a criminal case by the court or grand jury, in the absence of some admission by the officer who made the arrest, is not competent to impeach the officer's testimony as to a commission of the crime by another person arrested by him.

6. SAME.
   Where, in a criminal case, the transcript of the minutes of the stenographer to the coroner showed that the officer who arrested accused, testified that he arrested L. therefor, but it appeared by the stenographer's original notes that the answer of the officer was that he arrested W., accused, and in some instances in the notes the name L. appeared, a question propounded to the stenographer as to whether, in a question asked of the officer and shown by the transcript of his minutes to be, "Do you know where L. lives?" the name was "W." or "L." in the original notes, was properly excluded, because not contradicting the officer.

Appeal from Trial Term, New York County.

Louie Way was convicted of assault in the first degree, and he appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, and CLARKE, JJ.

Lyman A. Spalding (Forbes J. Hennessy, Daniel O'Reilly, and George S. Scofield, Jr., on the brief), for appellant.

Robert S. Johnstone, Deputy Dist. Atty., for the People.

LAUGHLIN, J. The defendant was jointly indicted with two others for murder in the first degree, in feloniously causing the death of one Chin Yen, by shooting with a loaded pistol. Upon the trial the evidence tended to show that other pistols were fired at about the same time; and, it being doubtful whether the defendant fired the shot which caused the death, the district attorney withdrew the charge of homicide. The court, in charging the jury, read and defined the provisions of the Penal Code with respect to the crime of assault in the different degrees. The people presented evidence tending to show, and which justified the jury in finding, not only that the defendant fired a pistol shot at the decedent, but that the bullet struck his chin. The defendant had a fair trial, and the charge of the learned justice met with the approbation of counsel for the defendant, who volunteered the statement at the close thereof, as follows: "The charge is eminently satisfactory to the defendant. I have no requests."

The appellant contends that the body of the decedent was identified as that of Chin Yen, specified in the indictment, in whole or in part by hearsay testimony. It was clearly established that the man at whom the defendant shot died as the result of a bullet wound inflicted at or about that time. It was only incumbent on the people to show that the defendant assaulted the individual named in the indictment. It was not essential for the people to show by the best evidence that they designated the person assaulted by his right name. It is sufficient to show that he was known by that name. Of course, evidence of the name by which a person is known is not the best evidence as to his true name, and in a sense it is hearsay; but it is not strictly hearsay, or within the rule excluding hearsay evidence. Wetmore on Evidence, vol. 1, § 667; Willis v. Quimby, 11 Fost. (N. H.) 487. There is no evidence in the record tending to show that the name by which the decedent was spoken of by those who apparently knew him was not his name, or that there was any one else by that name in this country, or that the defendant was in any manner prejudiced or misled concerning the identity of the individual upon whom it was claimed he had made the assault.

It is further claimed that the court erred in receiving in evidence the jawbone of the decedent, which was fractured by a bullet. This was competent to corroborate the evidence tending to show that the defendant fired at the decedent's chin, and to identify Chin Yen, whose jawbone it was, as the individual upon whom the assault was committed.

It is further urged that the conviction should be reversed because the district attorney was permitted to ask leading questions with respect to the shooting. The trial court is vested with a reasonable

degree of discretion to permit leading questions to be asked, and we are of opinion that this discretion was not abused.

The appellant also complains that his counsel was not allowed to show what disposition was made of the charges made against certain other individuals arrested at the same time. It is claimed that this was competent, as tending to impeach the testimony of the police officers, upon the ground that they made unwarranted arrests and did not know who were guilty. The disposition of a criminal charge by the court or grand jury, in the absence of some admission by the officer who made the arrest, would not be competent as tending to impeach his testimony in respect to a commission of the crime by the party arrested by him.

A transcript of the minutes of the stenographer to the coroner, showed that the officer who claimed to have arrested the defendant for this crime testified that he arrested one Louie Lay therefor; but it appeared by the stenographer's original notes that the answer of the police officer was that he arrested Louie Way, this defendant. In some instances in the stenographer's original notes the name "Lay" appeared. The appellant contends that the court erred in excluding a question, propounded to the stenographer to the coroner, as to whether a question asked of the policeman, and shown by a transcript of his minutes to be, "Do you know where Louie Lay lives," was "Way" or "Lay" in his original notes. It is manifest that this would not have tended to contradict the policeman, and no error was committed in excluding it.

The guilt of the defendant was quite satisfactorily shown, and we find no reversible error. It follows that the judgment should be affirmed. All concur.