[No. 19492.  Department Two.  July 27, 1926.]

THE STATE OF WASHINGTON, *Respondent,* v. FLOYD
SIVERLY, *Appellant.*[1]

[1] HOMICIDE (78, 79)—PARTICIPATION BY ACCUSED—CIRCUMSTANTIAL
EVIDENCE—SUFFICIENCY.  A conviction of manslaughter in shoot-
ing a police officer is sustained by circumstantial evidence where
it appears that he was killed while investigating suspicious
characters who ran from the scene and were captured, the
accused being one of them.

[2] SAME  (67)—EVIDENCE—DYING  DECLARATIONS—CIRCUMSTANCES
ATTENDANT ON MAKING.  The dying declaration of a police officer
that he had been told by a watchman that three suspicious look-
ing men were in a lodging house, is admissible as part of the
*res gestae,* where he immediately acted upon the information and
was killed in doing so, the whole matter occurring within a
very few moments.

[3] CRIMINAL  LAW  (139)—EVIDENCE—HEARSAY—IN GENERAL—RE-
PUTED NAME.  In a prosecution for manslaughter, evidence as
to the name by which the accused was known cannot be excluded
on the ground that it is hearsay, that being an exception to
the rule against hearsay.

[4] SAME (452)—HARMLESS ERROR—INSTRUCTIONS.  In a prosecution
for homicide in which the accused requested an instruction as
to manslaughter, he cannot, on appeal, complain that the evi-
dence sustained only a conviction of first degree murder with
which he was charged.

Appeal from a judgment of the superior court for
King County, Hall, J., entered April 17, 1925, upon a
trial and conviction of manslaughter.  Affirmed.

*Henry Clay Agnew,* for appellant.

*Ewing D. Colvin* and *Ethan Allen Peyser,* for re-
spondent.

MACKINTOSH, J.—Early in the morning of September
25, 1924, Robert L. Litsey, a police officer of the city
of Seattle, on duty, was told by a watchman employed

[1]Reported in 248 Pac. 69.

at a market that three men had entered a rooming house situated opposite the market and that their conduct was suspicious. The police officer proceeded to investigate, started up the stairway from the street to the rooming house, which was situated on the upper floor, and while he was on this narrow stairway, a shooting took place, resulting in the officer being shot in three places and later dying from the mortal wounds which he had received. The men ran from the building, seen and pursued by different persons on the street. One of them was captured, the other two were recognized, and later were found together in the penitentiary of the state of Missouri. The three men, Fairchild, Siverly and Richardson, were charged jointly with the crime of murder in the first degree, were all convicted of the crime of manslaughter, and Siverly has appealed.

[1] Reversal is first asked for the reason that the evidence was insufficient to establish Siverly's guilt. Without reviewing all the circumstances that were testified to connecting Siverly with the perpetration of the crime, it is sufficient to say that the number of those circumstances was great, and that not only was the evidence sufficient to connect Siverly with the affair, but it would be hardly possible to find a jury which, listening to this evidence, would not have convicted this appellant.

[2] The second assignment of error is that a dying declaration by Litsey was admitted in evidence, which included the statement that he had been told by the watchman that three suspicious looking men were upstairs in the lodging house. Had Litsey lived, he would have been permitted to testify to this statement, for it was part of the *res gestae*. The whole matter occurred within a very few moments, and this statement to the officer was one upon which he immediately acted

and which resulted in the shooting and his death. *Britton v. Washington Water Power Co.,* 59 Wash. 440, 110 Pac. 20, 140 Am. St. 858, 33 L. R. A. (N. S.) 109; *Heg v. Mullen,* 115 Wash. 252, 197 Pac. 51.

[3] The last error assigned is that testimony was given as to the name under which Siverly was known in the Missouri penitentiary. From the record it is impossible to determine absolutely whether this testimony in regard to the name, which was given by the officer who had gone to Missouri to bring Siverly and his companion back to this state for trial, was based upon the information furnished by Siverly himself, in which case it would, of course, be admissible; or was obtained from persons in Siverly's presence, which would also make it admissible; or was merely as to the name by which Siverly was known in and around the Missouri penitentiary. Although in this latter view of it, it may be testimony of hearsay character, yet it is a well-known exception to the hearsay rule that evidence as to the name by which a person is known, although it may not be the best evidence as to his true name, cannot be excluded on the ground that it is hearsay. *People v. Way,* 119 App. Div. 344, 104 N. Y. Supp. 277, 84 N. E. 1117; *People v. Watson,* 165 Cal. 645, 133 Pac. 298; *May v. State,* 43 Tex. Cr. 54, 63 S. W. 132.

[4] Although these are the only assignments of error made by the appellant in his brief, some claim was made in oral argument that a new trial should be granted for the reason that there was no testimony justifying the verdict of manslaughter, that testimony sufficient to prove any crime at all proved only murder in the first degree. If the facts are such that they only point to the higher crime, the appellant is in no position to complain of the more favorable verdict which he received, for the reason that he himself requested an in-

struction upon manslaughter as an included offense, and is precluded now from raising the objection that such an instruction and the verdict based upon it should not have been given.

Finding no error in the record, the judgment is affirmed.

TOLMAN, C. J., PARKER, ASKREN, and MITCHELL, JJ., concur.