Tommie D. LEWIS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20120.

United States Court of Appeals
District of Columbia Circuit.

Argued March 13, 1967.

Decided June 29, 1967.

———◆———

Mr. John S. Nolan, Washington, D. C. (appointed by this court), with whom Mr. Burke W. Willsey, Washington, D. C., was on the brief, for appellant.

Mr. Scott R. Schoenfeld, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, and FAHY * and BURGER, Circuit Judges.

PER CURIAM:

Appellant was indicted for second degree murder, D.C.Code § 22–2403, and convicted of that offense. On this appeal he urges that the evidence tending to show his guilt, which was in conflict with other evidence, was so incredible that the trial judge should have directed the jury to render a verdict of not guilty.

▆ Three witnesses for the prosecution testified they were present at the time of the homicide. While their respective versions as to just how it came about varied materially, in their testimony was quite enough pointing to the guilt of appellant to support the verdict. The choice by the jury to believe the testimony which supports their verdict was theirs to make.

▆ It is also contended that the conviction should be reversed because the trial judge failed to exercise his discretion in admitting or refusing to admit as impeaching evidence three prior assault convictions of appellant. Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763, is relied upon. The United States points out that appellant did not invoke *Luck* at trial and, therefore, may not rely upon it for reversal, citing several of our decisions to that effect. The evidence as a whole, considered with the cases thus relied upon by the United States, constrains us not to reverse for failure of the trial court to comply with *Luck;* but we add that in the fair administration of justice some obligation is imposed by *Luck* upon the trial court and the prosecution, and the time may come when we shall not feel bound to ignore its principles merely because the defense does so.

Affirmed.

* Circuit Judge Fahy became Senior Circuit Judge April 13, 1967.

BURGER, Circuit Judge (concurring):

I concur fully with the result and the reasoning of the majority except for the obiter dictum contained in the final paragraph. I have great difficulty in seeing the wisdom of singling out one of an almost infinite number of subjects which can arise in a criminal trial and of intimating that either the prosecutor or the trial judge may one day be called upon to give legal advice to the defense counsel on that one point. So long as we insist on maintaining all the rigors inherent in the contest aspect of the adversary system, we must be prepared to accept the consequences; one of these consequences is that each of the advocates must be relied upon to try his own case. We have frequently chided trial judges and reversed convictions because it seemed to a particular division of the court that the trial judge had intervened on the side of the prosecution. I fear the potential mischief inherent in affirmatively inviting the trial judge to intervene with suggestions to counsel. For this reason, I am unwilling to join in the caveat which the majority expresses in the final paragraph of the opinion.