[No. 424-40688-1.    Division One—Panel 2.    December 28, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. PAUL DONALD TURNER, *Appellant.*

*Kempton, Savage & Gossard* and *Anthony Savage, Jr.,* (counsel for appeal only), for appellant.

*Charles O. Carroll, Prosecuting Attorney,* and *Darrell Lee, Deputy,* for respondent.

WILLIAMS, J.—Paul Donald Turner was convicted by a jury of second-degree arson. He has appealed.

The fire was set at the Gwinn Construction Company in the University District in Seattle on July 10, 1967. Appellant's arrest and subsequent conviction were based upon

circumstantial rather than direct evidence of his participation in the event. His three defense witnesses testified that he was at a location other than the scene of the crime at the time it was committed.

Although we uphold the conviction, an error was committed, as appellant contends, in giving the following instruction:

A defense has been interposed by the defendant in this case to the charge set out in the information which is called, in law, an alibi; that is, that the defendant was at another place at the identical time the crime was committed, if committed at all. When the state makes out such a case as would sustain a verdict of guilty, and the defense offers evidence of an alibi, the burden is upon him to make out his defense as to such an alibi, but it is not incumbent upon him to prove such an alibi beyond a reasonable doubt. *A mere preponderance of the evidence is sufficient thereon.* When the proof is all in, both that given by the state and the defendant, then, the primary question is: (the whole evidence being considered) is the defendant proven guilty beyond a reasonable doubt? The law is that if after you have considered all the evidence, that relating to the alibi, and that introduced by the state, and then you entertain a reasonable doubt of the guilt of the accused you should acquit him of the charge against him. On the other hand, if you are satisfied that the guilt of the defendant, after a consideration of all the evidence, including that concerning the defense alibi, has been established beyond a reasonable doubt, then you should convict the defendant of the charge against him.

(Italics ours.)

This instruction, less the sentence italicized, was approved in *State v. Pistona,* 127 Wash. 171, 219 P. 859 (1923), and more recently in *State v. Pam,* 1 Wn. App. 723, 463 P.2d 200 (1969). The addition of the sentence requiring appellant to prove his alibi by a preponderance of the evidence shifts the burden of proving, or disproving, the elements of time and place. This violates the fourteenth amendment to the United States Constitution and article 1, section 3 of the Washington State Constitution. *Johnson v. Bennett,* 414 F.2d 50 (8th Cir. 1969); *Stump v. Bennett,* 398

F.2d 111 (8th Cir. 1968), *cert. denied*, 393 U.S. 1001, 21 L. Ed. 2d 466, 89 S. Ct. 483 (1968).

We must, however, affirm the conviction because it was appellant who requested that the court give the instruction to which he has assigned error. It is an established rule of law that a party who induces a trial court to commit error may not successfully complain about that error on appeal. *State v. Siverly*, 140 Wash. 58, 248 P. 69 (1926); *State v. Gottstein*, 111 Wash. 600, 191 P. 766 (1920); *State v. Blaine*, 64 Wash. 122, 116 P. 660 (1911).

Moreover, appellant may waive a protection afforded by the constitution, *State v. Lane*, 40 Wn.2d 734, 246 P.2d 474 (1952). *See also Adams v. United States ex rel. McCann*, 317 U.S. 269, 87 L. Ed. 268, 63 S. Ct. 236, 143 A.L.R. 435 (1942). Since the offending language was inserted into the instruction at the specific request of appellant, it can be fairly said that the error was one knowingly, intentionally, and therefore voluntarily waived.

Appellant's counsel, in addition to requesting the instruction, in his opening statement advised the jury that although it was not the law, appellant was required to prove himself innocent and would do so. Although we may not commend this particular trial strategy, it is not for us to say that it was wrong. *State v. Cadena*, 74 Wn.2d 185, 443 P.2d 826 (1968); *State v. Piche*, 71 Wn.2d 583, 430 P.2d 522 (1967). As Judge Burger (now Chief Justice of the United States) stated in his concurring opinion in *Lewis v. United States*, 381 F.2d 894 (D.C. Cir. 1967):

> I have great difficulty in seeing the wisdom of singling out one of an almost infinite number of subjects which can arise in a criminal trial and of intimating that either the prosecutor or the trial judge may one day be called upon to give legal advice to the defense counsel on that one point. So long as we insist on maintaining all the rigors inherent in the contest aspect of the adversary system, we must be prepared to accept the consequences; one of these consequences is that each of the advocates must be relied upon to try his own case. We have frequently chided trial judges and reversed convictions be-

cause it seemed to a particular division of the court that the trial judge had intervened on the side of the prosecution. I fear the potential mischief inherent in affirmatively inviting the trial judge to intervene with suggestions to [defense] counsel.

Affirmed.

HOROWITZ, A. C. J., and FARRIS, J., concur.

Petition for rehearing denied February 3, 1971.