[No. 579-1.    Division One—Panel 1.    July 6, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES EDWARD SMITH, *Appellant.*

*Barokas, Martin, Richey & Schaefer* and *Larry L. Barokas,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Edward L. Douglas, Jr., Deputy,* for respondent.

HOROWITZ, C.J.—Defendant, together with Bennie Tyson and Willie Lee Burrell, Jr., and each of them, was charged with the crime of robbery with a deadly weapon. Defendant was tried separately in a jury trial and found guilty. He appeals.

On November 4, 1968, three men entered and robbed the Rainier Vista office of the Seattle Housing Authority in Seattle. Defendant was later arrested for robbery. Upon trial the fact of robbery was not a disputed issue. The controlling issue was that of identifying the defendant as one of the robbers.

Evidence of identification was both direct and circumstantial. Several witnesses to the robbery identified the defendant as one of the three robbers, and one witness identified Bennie Tyson as a participant. Three men were seen leaving in a blue and white Cadillac, license number OEF 433, the Cadillac having been sold sometime prior to the robbery to a person bearing defendant's name. Other evidence showed that the Cadillac car belonged to the defendant and that he had driven it from time to time prior to the date of the robbery.

The state also offered evidence that the defendant resided in Brighton Place Apartments, No. 201; that Bennie Tyson lived in apartment 127 in that same building; and that Willie Lee Burrell, Jr., was found in that apartment and arrested on November 5, the day after the robbery. The state offered other evidence intended generally to show that Bennie Tyson, Willie Lee Burrell, Jr., and the

defendant, each of whom was charged in the information with the robbery, were friends or acquaintances, and that the defendant had access to apartment 127 prior to and shortly after the time of the robbery. Police officers, shortly after the robbery, searched apartment 127 and therein found about $1,000, including a $20 bill stolen from the Vista office of the Seattle Housing Authority. Part of the money was found in a suit in a closet of apartment 127, the suit being similar to one belonging to Willie Lee Burrell, Jr. Furthermore, the officers discovered a gun in this closet which resembled the one used by the robbers.

Defendant first contends that he was denied a fair trial by the introduction on behalf of the state, over his objection, of testimony implicating Bennie Tyson and Willie Lee Burrell, Jr., with the robbery crime charged. Defendant particularly objects to the introduction in evidence of a photograph showing the defendant and Bennie Tyson; of the suit found in the closet of apartment 127 resembling one owned by Willie Lee Burrell, Jr., and containing one of the stolen bills; of the money found in apartment 127 containing some of the stolen bills, and to a gun likewise found in the same closet where the suit was found in apartment 127. This additional evidence was admitted on the issue of defendant's identity and participation in the robbery. The evidence objected to is cumulative. However, the defendant contends that the evidence was unnecessary and also had the effect of appealing primarily to the passion of the jury and was thus violative of the rule that it is for the trial court to determine and, if necessary, exclude evidence which though relevant contributes "nothing of substance to a determination of the issues in the case, but appeals primarily to the sympathy or passion of the jury . . ." *State v. Stationak,* 1 Wn. App. 558, 560, 463 P.2d 260 (1969); *see also, State v. Goebel,* 36 Wn.2d 367, 218 P.2d 300 (1950).

The basic test for admissibility of evidence is relevancy, and testimony is relevant if reasonable inferences can be drawn therefrom regarding, or if any light is shed upon, a contested matter. *State v. Schock,* 41 Wn.2d

572, 250 P.2d 516 (1953). The basic rule of relevancy governs the admission of circumstantial evidence tending to establish the identity of persons charged with crime and the trial court is given a great deal of latitude in determining whether such evidence should be admitted. *State v. Whalon*, 1 Wn. App. 785, 464 P.2d 730 (1970); *State v. Leroy*, 61 Wash. 405, 112 P. 635 (1911). *See also, Oseman v. State*, 32 Wis. 2d 523, 145 N.W.2d 766 (1966). In determining whether evidence should be admitted which is both logically relevant and probative, the purpose and necessity of the evidence must be weighed, in the sound discretion of the trial court, against its inflammatory effect; only if it appears that its relevancy is remote, the necessity for it slight (in light of the total evidence), and its inflammatory effect substantial, will it be excluded from evidence. *State v. Adams*, 76 Wn.2d 650, 458 P.2d 558 (1969); *State v. Stationak, supra.*

It is true that the direct testimony identifying the defendant, if believed, would have been sufficient on the issue of defendant's identity and participation in the crime. However, there was no way of knowing whether the jury would believe such testimony. Accordingly, the state had the right to offer and the court had discretion to receive additional evidence, circumstantial in character, to reinforce the direct testimony given. It was for the trial court to determine whether the prejudicial effect of the evidence objected to required its rejection notwithstanding its relevance. We find no abuse of discretion.

Defendant next contends that he was deprived of a fair trial by an answer given by a state's witness in response to a question propounded by defense counsel on cross-examination. The question and answer are as follows:

Q And what were the circumstances surrounding your first acquaintance with him.

A Being a policeman, I try to keep up to date on all the robbery suspects and all the felons and Mr. Smith happened to be one of them that I happened to get mug shots on, and I tried to keep records on.

No motion to strike the answer given was made below; nor was there any request for a curative instruction.

Generally, a defendant cannot complain of an unfavorable answer given in response to a question voluntarily asked by his counsel. *State v. Turner,* 3 Wn. App. 948, 478 P.2d 747 (1970); *State v. Siverly,* 140 Wash. 58, 248 P. 69 (1926); 5 Am. Jur. 2d *Appeal and Error* § 717 (1962). And, even in the case of noninvited error, if the defendant waits, without objection, until an unfavorable verdict is rendered against him, he cannot then complain of prejudice allegedly caused by the error if it was capable of correction by curative instruction. *State v. Beard,* 74 Wn.2d 335, 340, 444 P.2d 651 (1968); *Jones v. Hogan,* 56 Wn.2d 23, 351 P.2d 153 (1960).

■ We need not determine in the instant case whether the answer to the question is so irrelevant, so prejudicial standing alone, and so incapable of correction by curative instruction as to deprive defendant of a fair trial on the merits of the crime charged. *See State v. Case,* 49 Wn.2d 66, 298 P.2d 500 (1956). Assuming, in the instant case, that the self-invited error is here reviewable, we must also consider whether on the whole record it is prejudicial. A court may properly determine that invited or uninvited error, even of constitutional proportions, is harmless when weighed against the overwhelming evidence in the case showing defendant's guilt. As was stated in *State v. Martin,* 73 Wn.2d 616, 627, 440 P.2d 429 (1968):

> A prejudicial error may be defined as one which affects or presumptively affects the final results of the trial. . . . When the appellate court is unable to say from the record before it whether the defendant would or would not have been convicted but for the error committed in the trial court, then the error may not be deemed harmless, and the defendant's right to a fair trial requires that the verdict be set aside and that he be granted a new trial. But, where the defendant's guilt is conclusively proven by competent evidence, and no other rational conclusion can be reached except that the defendant is guilty as charged, then the conviction should not be set aside because of unsubstantial errors. . . .

To determine whether prejudice has resulted, it is necessary that the appellate court examine the entire record.

*Cf. Chapman v. California,* 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824 (1967); *Fahy v. Connecticut,* 375 U.S. 85, 11 L. Ed. 2d 171, 84 S. Ct. 229 (1963).

In the instant case there was substantial eyewitness testimony of defendant's involvement in the crime; he was identified by three witnesses to the crime, it was established that he owned the car in which escape was effected, and furthermore, the circumstantial evidence objected to but properly admitted provided substantial additional evidence confirmatory of defendant's involvement and participation in the crime. We are of the opinion that the evidence of defendant's guilt was so clear that error, if any, in the court sua sponte failing either to strike the testimony complained of, or to give a curative instruction thereon, could not reasonably be said to make any difference in the verdict of the jury. Consequently, if any error was committed, it was not reversible error.

The judgment is affirmed.

UTTER and WILLIAMS, JJ., concur.

Petition for rehearing denied September 22, 1971.