[Nos. 435-1, 589-1.    Division One—Panel 2.    July 12, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. THEODORE KUBICEK, *Appellant*.

*In the Matter of the Application for a Writ of Habeas Corpus of* THEODORE KUBICEK, *Petitioner,* v. THOMAS G. PINNOCK, *Respondent.*

294

*Richard A. Bailey*, for appellant (appointed counsel for appeal).

*Robert E. Schillberg, Prosecuting Attorney*, and *David G. Metcalf, Deputy*, for respondent.

FARRIS, A.C.J.—Mr. Kubicek appeals from his conviction and sentence following a trial to a jury on the charge of burglary in the second degree. A man identified as Mr. Kubicek was seen inside a tavern on September 17, 1969, at approximately 3:30 a.m. after it had closed for business. Mr. Kubicek introduced evidence which, if believed, established that he was somewhere else on the date and time of the alleged offense.

The jury was instructed:

You are instructed that a defense interposed by the defendant in this case is an alibi; that is, that the defendant was at another place at an identical time the crime was committed, if committed at all. When the State makes out such a case as would sustain a verdict of guilty, and the defendant offers evidence, it is incumbent upon him to go forward with the evidence to sustain his defense of alibi to your satisfaction. It is not incumbent upon him to prove alibi beyond a reasonable doubt; and when the proof is all in, both that given by the State and for the defendant, then the primary question is (the whole evidence being considered) is the defendant guilty beyond a reasonable doubt, the law being that, if, after you have considered all the evidence as well as that

touching the alibi as the evidence introduced by the State, you have a reasonable doubt of the guilt of the accused, you should acquit; if you have not, you should convict.

Instruction 9.

Error is assigned to the giving of instruction 9 on the ground that it violated the due process clause of the fourteenth amendment to the United States Constitution and article 1, section 3 of the Washington State Constitution in that it shifted the burden of proof on an essential element of the crime to the accused. We agree.

■ Under the instruction given, the accused must sustain his defense of alibi to the satisfaction of the jury. It is error to require any quantum of proof from the defendant. When the burden of persuasion is shifted to the defendant to disprove essential elements of a crime, the due process clause of the Fourteenth Amendment is violated. *Johnson v. Bennett,* 414 F.2d 50 (8th Cir. 1969); *Stump v. Bennett,* 398 F.2d 111 (8th Cir. 1968), *cert. denied,* 393 U.S. 1001, 21 L. Ed. 2d 466, 89 S. Ct. 483 (1968), and cases cited therein. *See also State v. Turner,* 3 Wn. App. 948, 478 P.2d 747 (1970). It is immaterial whether the burden is termed "preponderance of the evidence"[1] or "satisfaction of the jury."[2] The burden of proving alibi is never on the defendant. The burden of proving his presence at the time and place alleged is on the state throughout the trial. Evidence of his absence merely tends to weaken or rebut the testimony of the state's witnesses on this point. *See Smith v. Smith,* 321 F. Supp. 482 (N.D. Ga. 1970). We hold that it was error to give instruction 9.

The state argues that when the instructions are read as a whole, any possible error is cured by the reiteration of the requirement of proof beyond a reasonable doubt. In considering a similar argument, the court in *Stump v. Bennett, supra* at 116 stated:

---

[1]*See Stump v. Bennett, supra* and *Johnson v. Bennett, supra.*

[2]*See Parham v. State,* 120 Ga. App. 723, 171 S.E.2d 911 (1969) and *Smith v. Smith,* 321 F. Supp. 482 (N.D. Ga. 1970).

The instruction itself is inconsistent and confusing, as is pointed out by the federal district court below. The jury is told that before it can acquit the defendant by reason of this defense the defendant must establish it by the preponderance of evidence. Yet the jury is also told that if *any* evidence creates a reasonable doubt as to the crime as a whole, then it can return a verdict of not guilty. This court, of course, has consistently adhered to the general rule that instructions are to be viewed in their entirety. [Citing cases.] But even when so viewed, the presence of serious confusion here as to burden of proof seems inescapable. If we presume, as we must, that the jury follows the court's instructions, which instruction is the jury to follow?

*Any* instruction on alibi *borders* on violation of the fundamental rights incorporated in the due process clause of the fourteenth amendment of the United States Constitution and article 1, section 3 of the Washington State Constitution.[3] Evidence tending to show that the accused was not present at the time and place of the commission of the alleged offense for which he is on trial should come into the case like any other evidence for the jury's consideration. There is no reason to instruct on the burden of going forward since it is not a burden that the accused must undertake. If the state has presented sufficient evidence to rebut the accused's presumption of innocence beyond a reasonable doubt, the accused who fails to go forward with the evidence will stand convicted. Although instructions which have been held to define only this burden of going forward have been upheld by this court (*see State v. Pam*, 1 Wn. App. 723, 463 P.2d 200 (1969)), we do not encourage the practice.[4] Such instructions are confusing at best. The risk

[3]*E.g., see State v. McCarty*, 179 N.W.2d 548 (Iowa 1970).

[4]The trial court's submission of instruction 9 to the jury is understandable in light of prior decisions of this court. The Supreme Court of Georgia recently upheld an instruction similar to the one given by the trial court in the instant case. *See Thornton v. State*, 226 Ga. 837, 178 S.E.2d 193 (1970). Subsequently, however, the United States District Court, Northern Division of Georgia, granted Thornton's petition for habeas corpus, holding that the giving of the instruction was unconstitutional as a violation of due process of law. *See Thornton v. Stynchcombe*, 323 F. Supp. 254 (N.D. Ga. 1971).

of violation of a fundamental right of the accused should outweigh the very slight and highly questionable assistance to the jury of such instructions.

"Alibi witnesses" do not differ from other witnesses at the trial; their testimony should not be subjected to any special scrutiny by the jury. The accused has a right to offer witnesses in his defense. No special emphasis should be placed on testimony regarding his activity and whereabouts at the time of the crime.

Mr. Kubicek also contends that the trial court erred in refusing to give his proposed instruction 1.[5] When supported by substantial evidence, appellant is entitled to have his theory of the case submitted to the jury under appropriate instructions. *State v. Mellis,* 2 Wn. App. 859, 470 P.2d 558 (1970). However, the instructions will be read and considered as a whole in determining whether a framework is furnished from which that theory may be argued. *State v. Jamerson,* 74 Wn.2d 146, 443 P.2d 654 (1968); *State v. Lane,* 4 Wn. App. 745, 484 P.2d 432 (1971). The instructions, when considered as a whole, furnished a sufficient framework from which Mr. Kubicek could argue his theory with respect to identity. It was not error to refuse his proposed instruction 1.

Mr. Kubicek contends that he should have been allowed to introduce evidence of a pretrial test regarding the conditions of visibility at the place where he was allegedly seen by a witness for the state. He employed a former police officer to conduct a test under conditions similar to those existing the night of the crime. The purpose of the test was to determine whether it was possible to identify a person inside the tavern under those conditions. After considering the similarity and dissimilarity of the conditions on the two

---

[5]"You are instructed that the possibility of human error or mistake, and the probable likeness or similarity of persons are elements that you must act upon in considering testimony as to identity. You must carefully consider these factors passing upon the credibility that you attach to a witness's testimony, and you must be satisfied beyond a reasonable doubt as to the accuracy of the witness's identification of the defendant."

respective dates, the trial court refused to admit the results of the test into evidence.

The exclusion of evidence of an experiment will be viewed somewhat more critically than its admission. *Dipangrazio v. Salamonsen,* 64 Wn.2d 720, 393 P.2d 936 (1964); *State v. McMurray,* 47 Wn.2d 128, 286 P.2d 684 (1955). However,

> [d]etermining whether a test is made under substantially similar conditions to those with which the trial court is concerned, is a matter within its discretion; and we will not reverse unless we are satisfied that there has been an abuse of discretion [citing cases] and the abuse of discretion has been prejudicial to the appellant.

*Cowan v. Chicago, M., St. P. & Pac. R.R.,* 55 Wn.2d 615, 622, 349 P.2d 218 (1960). Further,

> The admissibility of experimental evidence must be judged on the basis of its quality. Is the evidence calculated to clarify or will it more likely confuse? This is a consideration which must be resolved by the trial judge. Necessarily, a large measure of discretionary judgment is involved. Unless a trial judge has manifestly abused his discretionary power, his determination will not be overruled by an appellate court.

*State v. Hatch,* 4 Wn. App. 691, 693, 483 P.2d 864 (1971).

We have considered the offered evidence and the numerous variables that are difficult if not impossible to control in such an experiment. The trial court did not abuse its discretion in denying evidence of the experiment.

Mr. Kubicek also petitions this court for a writ of habeas corpus alleging that his parole has been wrongfully revoked. On the record before us we are unable to find any ground upon which to grant such a petition and it is accordingly denied.

Reversed and remanded for a new trial in accordance with this opinion.

JAMES and SWANSON, JJ., concur.

Petition for rehearing denied October 27, 1971.

Review granted by Supreme Court December 28, 1971.