272 So.2d 137 (1973)
Kenneth L. BOATWRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 42214.
Supreme Court of Florida.
January 17, 1973.
Robert W. Pope, of Pope, La Barbera & Sabella, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., for appellee.
MELVIN, Circuit Judge.
This is a direct appeal from a judgment adjudging defendant guilty of murder and a sentence of death. We have jurisdiction pursuant to Fla. Const., art. V, § 4, F.S.A. Pursuant to the decision of the Supreme Court of the United States in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), this Court, in Anderson v. State, 267 So.2d 8 (Fla. 1972), reduced the sentence from death to life imprisonment, retaining jurisdiction to determine the issues raised in the case sub judice. The trial court, the Circuit Court for Pinellas County, gave the Florida Standard Jury Instruction 2.10(a), relating to the subject of alibi, and appellant contends that the giving of such charge is error.
The appellant, who will be referred to herein as "defendant," strongly urges that the instruction referred to collides with the due process clause of the Fourteenth Amendment to the Constitution of the United States and with Fla. Const., art. I, § *138 7, F.S.A., in that, he contends, such instruction has the effect of shifting the burden of proof to him as to his nonpresence at the material time and place in question.
The defendant's failure to object to the giving of the alibi charge does not preclude further review here if the assigned error constituted denial of due process. State v. Smith, 240 So.2d 807 (Fla. 1970). We, therefore, examine the charge complained of.
The alibi charge given by the trial court is here restated:
"The Defendant has interposed the defense of alibi. That is to say, that the time of the alleged crime, the Defendant Boatwright was not at the place where the crime was committed, and was so far away that he could not have been at the place where the crime was committed.
"Where an alibi is claimed as a defense, it is not necessary that the alibi be proved beyond a reasonable doubt. It is sufficient as a defense if you have a reasonable doubt as to the presence of the defendant at the scene of the alleged crime. If there is such a reasonable doubt it is your duty to find the defendant not guilty."
This charge is a statement of the substance of Florida Standard Jury Instruction 2.10(a), Alibi, approved by this Court:
"One of the defenses in this case is an alibi, that is to say that at the time of the alleged crime the defendant was not at the place of the crime and that he was so far away that he could not have been at the place where the crime was committed.
"Where an alibi is claimed as a defense, it is not necessary that the alibi be proved beyond a reasonable doubt. It is sufficient as a defense if you have a reasonable doubt as to the presence of the defendant at the scene of the alleged crime. If there is such a reasonable doubt it is your duty to find the defendant not guilty." Florida Standard Jury Instructions, 2.10(a).
The defendant relies upon Smith v. Smith, 321 F. Supp. 482 (N.D.Ga. 1970), and State v. Kubicek, 5 Wash. App. 293, 486 P.2d 1098 (1971), and Stump v. Bennett, 398 F.2d 111, p. 116, (8th Cir., 1968) in support of his contention that the alibi charge here complained of served to shift to him the burden of persuasion or the burden of proof. In Smith v. Smith, supra, the Court held to be invalid a Georgia charge on the subject of "[a]libi as a defense must be established to the reasonable satisfaction of the jury," and concluded that such charge had the effect of shifting the burden of proof to the defendant in violation of due process.
In State v. Kubicek, supra, a similar instruction was found to be in violation of due process. In Stump v. Bennett, supra, the Iowa trial court instructed the jury that the defendant had the burden of establishing his alibi by a preponderance or the greater weight of the evidence bearing upon it. Such charge was crushed against the due process clause.
In Smith v. Smith, supra, upon which the defendant relies, the Court observed:
"At the outset of a criminal trial, the State has both burdens upon it. If during the presentation of its case the State presents sufficient evidence to rebut the accused's presumption of innocence beyond a reasonable doubt, then the burden of going forward with the evidence shifts to the accused, otherwise, he would stand convicted. The accused is under no duty to present evidence or to establish it by any quantum of proof. He is merely in the interest of justice given an opportunity to rebut the State's evidence. If the accused fails to rebut the State's evidence, he will be convicted. If his rebuttal is successful, he will be acquitted. At no time during a criminal *139 trial does the burden of proof shift to the accused." 321 F. Supp. 482, p. 489.
The Court then noted:
"Long ago the Fifth Circuit properly stated the posture of the alibi defense. In Falgout v. United States, 279 F. 513 (5th Cir.1922), the Court stated:
"`By adducing that evidence [of alibi] the defendants did not assume any burden of proof. After, as well as before, that evidence was adduced, the burden was on the prosecution to prove that when the crime was committed the defendants were at a place at which they could take part in the commission of it and that they did participate in committing it.
"`Evidence tending to prove an alibi was in rebuttal of evidence offered by the prosecution tending to sustain the charges contained in the indictment. Such evidence is effective in behalf of a defendant in a criminal case, if it, when considered in connection with the other evidence adduced, gives rise to a reasonable doubt of his guilt of the offense charged, though there is no finding that an alibi was shown by a preponderance of evidence. The burden of proof did not shift, and it was not upon the defendants to establish alibis by a preponderance of evidence.'" 321 F. Supp. 482, pp. 489-490.
The Florida charge here reviewed is in harmony with the law so stated in Falgout v. United States, supra, and Smith v. Smith, supra, and is not vulnerable to the assault upon it here made by the defendant.
Defendant's remaining assignments of error are equally without merit.
The judgment and sentence, as modified, are affirmed.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, BOYD and DEKLE, JJ., concur.