[No. 1476-3.    Division Three.    March 9, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. ARTHUR C. ANDERSON, *Appellant*.

---

[14]*University Properties, Inc. v. Moss*, 63 Wn.2d 619, 621, 388 P.2d 543 (1964).

[15]*Hudesman v. Foley*, 4 Wn. App. 230, 232-33, 480 P.2d 534 (1971).

*James E. Barrett,* for appellant (appointed counsel for appeal).

*Arthur R. Eggers, Prosecuting Attorney,* and *Jerry A. Votendahl, Deputy,* for respondent.

MUNSON, J.—Defendant Arthur Anderson appeals a conviction of armed robbery, contending the court erred in (a) permitting a Seattle police officer to testify as to the manner in which the defendant had committed two prior robberies in King County for which he was presently confined in the state penitentiary; and (b) permitting the admission of a master key, drugs, a drug vial, and money found within the minimum security building at the Washington State Penitentiary, but not in the defendant's possession. We affirm.

On December 22, 1974, the Central Pharmacy near Walla Walla, Washington, was entered by two men; one was wearing a ski mask over his face, the other was wearing a stocking cap, and each possessed a knife. The patrons of the store were told to lie on the floor; the man whose face was uncovered went to the rear of the store, where he encountered an elderly customer, George Elwell, who was deaf in one ear and hard of hearing in the other. Because of his hearing problem, it took Mr. Elwell a while to understand the message that was being conveyed to him; but when the robber prodded him with a knife, he quickly understood and complied by lying on the floor. He had a lengthy opportunity to observe this man, who then proceeded to confront the pharmacist in the rear of the store. The pharmacist was ordered to lie on the floor, then get up to open the safe, then to lie down again, was continually asked where certain items were, and was told that if he did not stop stalling he would be stabbed with his own spatula. Ultimately, checks, money, and drugs were taken from the safe and from other portions of the store. The pharmacist described the robber as being very calm, cool, and collected in his

manner; he noted that the robber picked up a television set before leaving the premises.

On January 2, 1975, in a lineup conducted at the Washington State Penitentiary, Mr. Elwell identified the defendant as the man who had ordered him to lie down in the pharmacy on the evening of the robbery.

The trial court permitted the State to introduce, through the testimony of a Seattle policeman, the manner in which the defendant admittedly had committed two prior robberies in that community. The defendant contends that inasmuch as the State had an eyewitness who positively identified the defendant, it is unnecessary and highly prejudicial to admit this testimony. Furthermore, defendant contends there are insufficient similarities between the three robberies to justify a comparison of modus operandi. We disagree.

■ A plea of not guilty puts all elements of the crime in issue; the State has the burden of proving each element beyond a reasonable doubt. The State cannot assume the defendant will contest some, but not all, elements of the crime. Furthermore, the State is entitled to anticipate matters of defense in its case-in-chief. *State v. Farley*, 48 Wn.2d 11, 290 P.2d 987 (1955). Here, the State believed the defendant would, and he ultimately did, produce testimony that at all times he was confined within the minimum security building, and at the time of this robbery was attending a prisoners' meeting. Thus, identity was a substantial issue.

■ Contrary to the defendant's contention of a lack of similarity, our review reflects sufficient similarities to justify admission of that testimony, *i.e.*, on each of the prior occasions, cash, drugs, and personal property were taken; some type of weapon was used; at no time did the defendant attempt to mask his identity; there were but two participants. Further, the defendant had personally confronted the pharmacist, ordering him to lie on the floor and to subsequently stand up; no violence was used, and the defendant was said to have acted calmly and collectedly. We find there are sufficient similarities between the two prior

robberies, to which the defendant admitted his guilt, and the facts in the case at issue to permit the introduction of this testimony for the purposes of identity and modus operandi. *State v. Thompson*, 13 Wn. App. 526, 536 P.2d 683 (1975); *State v. Smith*, 5 Wn. App. 237, 487 P.2d 227 (1971); 1 C. Torcia, *Wharton's Criminal Evidence* § 243, at 549 (13th ed. 1972). The credibility of the eyewitness identification was for the jury.

The defendant was an inmate in the Washington State Penitentiary housed in the minimum security building. A search of that building subsequent to the robbery produced a master key to the building, drugs, a drug vial identified as having been taken in the robbery, and the presence of money in excess of the amount inmates are allowed to possess These items were admitted into evidence over the defendant's objection.

■ The master key provided evidence of the fact that an inmate within the minimum security building could have committed this crime; the key afforded an opportunity for an individual to leave and reenter the minimum security building, a means by which the defendant may have accomplished the crime in issue. *State v. Randecker*, 79 Wn.2d 512, 522, 487 P.2d 1295 (1971).[1]

The discovery of the drugs and drug vial, identified as products of the robbery, provided additional probative evidence that the crime was committed by an inmate within the minimum security building. *State v. Whalon*, 1 Wn. App. 785, 464 P.2d 730 (1970). We find no error.

Lastly, the defendant contends the court erred in admission of the money found within the minimum security building. There was no direct evidence identifying this money as that taken from the pharmacy; however, under the facts of this case, circumstantially it had probative

---

[1]"It is suggested that evidence of an opportunity to commit an act, *standing alone*, provides no proof an accused actually committed the act. That is true. It is equally true, however, that evidence of opportunity to commit an act is a *link*, which coupled with other circumstances, may prove circumstantially that an accused did commit the act."

value. Accepting the defendant's contention, the admission of the money would be harmless error. *State v. Gilcrist*, 12 Wn. App. 733, 734, 531 P.2d 814 (1975).

Judgment affirmed.

McINTURFF, C.J., and GREEN, J., concur.

Petition for rehearing denied April 14, 1976.

Review denied by Supreme Court June 23, 1976.