# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

THE STATE OF WASHINGTON,

Respondent,

v.

TIMOTHY R. ALEXANDER-SCHMIDT,

Appellant.

No. 83057-1-I

DIVISION ONE

UNPUBLISHED OPINION

BIRK, J. — Timothy Alexander-Schmidt was convicted of felony violation of a no-contact order (VNCO). He appeals, arguing (1) the superior court should have sua sponte removed a juror because the juror demonstrated bias during jury selection, (2) guilty pleas for two predicate convictions of misdemeanor violation of a no contact order were not voluntary and therefore unconstitutional, and (3) two additional claims in a statement of additional grounds. We affirm.

I

Alexander-Schmidt asserts that during jury selection juror 47 demonstrated bias which required the superior court to sua sponte excuse the juror. Alexander-Schmidt did not challenge the juror for cause. Alexander-Schmidt exercised five peremptory challenges, for jurors 16, 27, 29, 41, and 43. The superior court reviewed the composition of the jury, stating "13 will be 47." Alexander-Schmidt accepted the panel with juror 47 seated. Alexander-Schmidt had not exhausted

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

his peremptory challenges, using five of the six challenges he had available. This is dispositive.

In State v. Talbott, 200 Wn.2d 731, 747-48, 521 P.3d 948 (2022), the court held, "[I]f a party allows a juror to be seated and does not exhaust their peremptory challenges, then they cannot appeal on the basis that the juror should have been excused for cause." In Talbott, the defendant moved to excuse a juror for cause, and the trial court denied the motion. Id. at 735. When the juror moved into the jury box, Talbott did not use a peremptory challenge to remove the juror, despite having at least one unused peremptory challenge available, and accepted the panel. Id. at 736. The facts here are slightly different from Talbott in that Alexander-Schmidt did not challenge juror 47 for cause. However, Talbott applies to these facts because Alexander-Schmidt had at least one unused peremptory challenge available when he accepted the panel with juror 47 seated. We are therefore precluded from reaching his claim that juror 47 exhibited bias calling for the juror's dismissal.

II

VNCO is a misdemeanor crime that is elevated to a felony under certain circumstances, including when the defendant has two or more prior convictions for the same crime.[1] Former RCW 26.50.110(4)-(5) (2019). Evidence was admitted

---

[1] This opinion refers to former RCW 26.50.025 (2019), *repealed by* LAWS OF 2021, ch. 215, § 170(97). Chapter 7.105 RCW now governs civil protection orders. RCW 7.105.550(2) provides,

> "Nothing in chapter 215, Laws of 2021 affects the validity of protection orders issued prior to July 1, 2022, under . . . former chapter[] 26.50 RCW. Protection orders entered prior to July 1, 2022, under . . . former chapter[] 26.50 RCW are subject to the

showing Alexander-Schmidt was convicted of two separate misdemeanor VNCO charges in 2015. The complaint in exhibit 20 showed that Alexander-Schmidt pleaded guilty to VNCO in the Evergreen Division of Snohomish County District Court under cause no. 5316A-14D. The statement of defendant on plea of guilty included "having prohibited contact with [redacted]." Exhibit 21 showed that Alexander-Schmidt pleaded guilty in the Evergreen Division of Snohomish County District Court under cause no. 4596A-14D to violating the same no contact order. The elements of the offense are listed in the same manner as in Exhibit 20.

For the first time on appeal, Alexander-Schmidt challenges the constitutional validity of his two predicate convictions for misdemeanor VNCO. Alexander-Schmidt argues his guilty pleas were not knowing, voluntary, and intelligent because the complaints and statements of the defendant for both convictions do not contain the "willfulness" element of violation of a no contact order.

Alexander-Schmidt cannot raise this claim for the first time on appeal. State v. Smith, 104 Wn.2d 497, 507, 707 P.2d 1306 (1985). The court stated in Smith:

> Allowing a defendant to raise the voluntariness issue at any time would tempt a defendant to delay his challenge to await the result of the . . . proceeding. If he lost, he could raise the issue initially on appeal and gain remand if the State had failed to incorporate voluntariness into its original case. The practical result would be that the State always would have to establish voluntariness, regardless of whether the defendant raised the issue.

---

provisions of chapter 215, Laws of 2021 and are fully enforceable under the applicable provisions of RCW 7.105.450 through 7.105.470."

3

Id. at 506-07. Alexander-Schmidt could have raised the asserted constitutional issue during the plea hearings, on direct appeal, at trial for the present case, or in a motion for a new trial. Id. at 507. "Considering the conceptual basis of the issue and the numerous opportunities for contesting the guilty plea's validity, the challenge cannot be raised initially on appeal." Id. Smith arose in the context of a defendant's seeking to dispute the voluntariness of prior pleas while being sentenced under the former habitual offender statute. Id. at 500.

In State v. Robinson, 8 Wn. App. 2d 629, 631, 439 P.3d 710 (2019), another felony VNCO case, the court held the State failed to prove two prior convictions when both prior convictions were based on one factual occurrence. In that case, the court held the second of the prior convictions violated double jeopardy, rendering the State's evidence insufficient, id. at 639, and further held the prior guilty plea did not foreclose a later attack "go[ing] to 'the very power of the State to bring the defendant into court,'" id. at 639 (quoting State v. Knight, 162 Wn.2d 806, 811-12, 174 P.3d 1167 (2008)). But Robinson began from the premise that in challenging a predicate conviction, " 'the defendant bears the initial burden of offering a colorable, fact-specific argument supporting the claim of constitutional error in the prior conviction. *Only after* the defendant has made this initial showing does the State's burden arise.' " Id. at 635 (emphasis added) (quoting State v. Summers, 120 Wn.2d 801, 812, 846 P.2d 490 (1993)).

In State v. Webb, the defendant challenged the constitutionality of two prior convictions in the context of sentencing under the persistent offender statute. 183

4

Wn. App. 242, 245, 333 P.3d 470 (2014). The defendant argued at trial that one of his prior convictions was facially constitutionally invalid because the plea listed a statute that had been repealed. Id. at 246, 251. This court held the conviction was facially constitutionally invalid because the State charged and the court sentenced the defendant for a crime that did not exist when the alleged events occurred. Id. at 251. The repealed statute also undermined the constitutional voluntariness of the defendant's plea, because the defendant did not have notice of the charges against him. Id. Because Webb and Robinson involved challenges to prior convictions first raised in the trial court, they do not support Alexander-Schmidt challenging voluntariness of predicate convictions for the first time on appeal.

Because Alexander-Schmidt is not entitled to challenge the voluntariness of the predicate convictions for the first time on appeal, we do not reach the merits of this argument.

III

In a statement of additional grounds Alexander-Schmidt argues (1) "if I did not testif[y]" then the State could not rely on past convictions, and (2) "twice during trial" the prosecutor and the defense attorney were "taken to the Judge's chambers" because of the prosecutor bringing up matter which had been excluded, but the statement of additional grounds does not describe the nature of any matter that was allegedly mentioned but should not have been. Alexander-Schmidt provides no basis for concluding that any error of law occurred with regard to the

admission of his prior convictions, any matter allegedly occurring in the judge's chambers, or the mention of any matter that had been excluded.

Affirmed.

_Birk, J._

WE CONCUR:

_Bowman, J_            _Hazelrigg, ACJ_