297 So.2d 317 (1974)
Bobby Gene BOLIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-1450.
District Court of Appeal of Florida, Third District.
July 9, 1974.
Rehearing Denied July 30, 1974.
*318 Phillip A. Hubbart, Public Defender and Mark King Leban and Thomas S. Wilson, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen. and Stephen V. Rosin, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
The defendant, Bobby Gene Bolin, appeals a conviction of manslaughter resulting from a jury trial upon an information charging him with second degree murder.
At trial, the defendant testified in his own behalf. He admitted to shooting the victim, one Corky Rogers; however, Bolin contended Rogers was attacking him with a knife and the killing was justifiable and in self-defense.
The state offered evidence controverting the defendant's claim, showing that no knife was discovered on the scene, although one of the state's rebuttal witnesses spotted a chisel near the victim.
The defendant now raises two points on appeal concerning his defense of self-defense. He contends first that the trial judge erred by failing to give the jury a requested instruction that the defendant by injecting into the trial the issue of self-defense need merely establish a reasonable doubt in the minds of the jury, and need not prove the defense beyond a reasonable doubt.
Secondly, the defendant contends that the trial court should have awarded him a new trial because the evidence was insufficient to support his conviction in that self-defense justified the killing.
With respect to the first point, the defendant argues that the trial court's failure to instruct the jury specifically that his evidence of self-defense only must create a reasonable doubt that he killed the victim without justification or excuse effectively shifted the burden of proof of self-defense to the defendant.
In his brief, the defendant states that the trial court's failure to give his requested instruction had the effect of shifting to the defendant the burden to prove self-defense beyond a reasonable doubt, just as the state had the general burden to prove guilt beyond a reasonable doubt. We cannot agree with this assertion.
We agree in part with the defendant's interpretation of Lane v. State, 44 Fla. 105, 32 So. 896 (1902). In that case the *319 Florida Supreme Court held the following jury instruction to be erroneous:
"Before a person can avail himself of the defense that he used a deadly weapon in defense of his life, and be justified, he must satisfy the jury that the defense was necessary at the time, that he did all he could to avoid it, and that it was necessary to protect his own life, or to protect himself from such bodily harm as would give him a reasonable apprehension that his life was in immediate danger." (Emphasis ours.)
The court held that it was not essential for a defendant to prove self-defense to the jury's satisfaction. The court said: "If the evidence raises a reasonable doubt, it will be sufficient."
But, a holding that the evidence need only generate reasonable doubt is different from concluding that as a matter of law the defendant is entitled to a special instruction to the jury to the effect that the proof of self-defense must only create a reasonable doubt, and in the absence of such an instruction a conviction must be reversed.
We are in agreement with a recent scholarly opinion of the Maine Supreme Judicial Court holding that a defendant who relies on self-defense has the burden of producing or going forward with the evidence. This burden is procedural in nature. It does not entitle the defendant to a special jury instruction on the issue of the burden of proof of self-defense. See State v. Millet, 273 A.2d 504, 43 A.L.R.3d 211 (Me. 1971).
In that case, the court noted that its holding represents the majority rule, with a minority of jurisdictions embracing a rule requiring the defendant to prove self-defense by a fair preponderance of the evidence or to the satisfaction of the jury.
Our reading of Lane v. State, supra, convinces us that Florida courts are in line with the majority holding, in essence, that the burden of proving guilt beyond a reasonable doubt never shifts from the state. See also, McDaniel v. State, Fla. App. 1965, 179 So.2d 576; Burnias v. State, Fla.App. 1966, 190 So.2d 612. This standard broadly includes the requirement that the state prove that the defendant did not act in self-defense beyond a reasonable doubt.
We further agree with the Maine court that when the defendant raises self-defense as an issue at trial it is within the province of the trial court to determine whether or not the evidence, viewed most favorably to the defendant, is adequate to support an instruction on self-defense. Once the judge concludes that the self-defense issue is proper, he "need only instruct the jury as to the elements of self-defense. He will have no occasion to speak of burden of proof other than to explain the state's burden of proving guilt beyond a reasonable doubt." See State v. Millet, 273 A.2d at p. 508, 43 A.L.R.3d at p. 216-17.
In the cause sub judice, the trial court fully and properly instructed the jury with respect to the legal requirements of self-defense. The defendant makes no contention in that regard that the court erred. Furthermore, the judge fully instructed the jury from the "Florida Standard Jury Instructions In Criminal Cases" on the state's burden of proof.
A conviction will not be reversed because a particular jury instruction has not been given where, on the whole, the charges as given are clear, comprehensive, and correct. Yost v. State, Fla.App. 1971, 243 So.2d 469; Darty v. State, Fla.App. 1964, 161 So.2d 864, 872.
The defendant further argues that since the Standard Jury Instructions with respect to the alibi defense provides that the defendant must not prove his alibi beyond a reasonable doubt, but only establish reasonable doubt as to his presence at the scene of the crime [See, Boatwright v. *320 State, Fla. 1973, 272 So.2d 137], he is entitled to a similar instruction in a case involving self-defense. This contention is untenable.
In the first place, the standard instructions do not include the same specific instruction under self-defense, as under alibi (entitled "Degree of Proof" under alibi).
Second, there is a clear distinction between alibi and self-defense. In the former, a defendant denies his complicity in the crime. In the latter, a defendant admits to the killing, but by way of a true affirmative defense seeks to establish facts constituting excuse or justification. Thus, self-defense is in the nature of confession and avoidance.
We think there are valid grounds for specifically instructing a jury that with respect to alibi the defendant must only elicit a reasonable doubt as to his presence at the scene of the crime, and not so instructing the jury on the burden of proof in a case involving self-defense. See, State v. Millet, supra; Commonwealth v. Winebrenner, 439 Pa. 73, 265 A.2d 108, 113 (1970).
In a self-defense case, it is our opinion that a general instruction covering the burden of proving guilt beyond and to the exclusion of a reasonable doubt, which rests upon the state, is sufficient.
The defendant next contends that the evidence of manslaughter presented to the jury was insufficient to support a conviction in light of the evidence of self-defense. We have carefully reviewed the testimony of the defendant and the state's main witness, Kathleen Cilia, the victim's girl friend, as well as other testimony in the record, and have concluded that the evidence in this case was sufficient to sustain the jury's verdict. See Darty v. State, supra; Gil v. State, Fla.App. 1972, 266 So.2d 43; Hargrett v. State, Fla.App. 1971, 255 So.2d 298.
We have also considered the two other points raised by the defendant on this appeal and find them lacking in substantial merit.
Therefore, for the reasons stated and upon the authorities cited and discussed, the judgment and sentence appealed are affirmed.
Affirmed.