655 So.2d 1208 (1995)
Harris BOWEN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1112.
District Court of Appeal of Florida, Fourth District.
May 24, 1995.
*1209 Richard L. Jorandby, Public Defender and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
STEVENSON, Judge.
Appellant, Harris Bowen, was tried by jury and convicted of attempted manslaughter. Bowen argues that the trial court erred (1) in denying his requested modifications to the standard jury instruction on self defense and (2) in entering a restitution order without holding a hearing. We reject Bowen's argument that there was error in the jury charge but agree that the restitution order must be vacated.
At trial, appellant claimed self defense. He requested the trial court to instruct the jury that "the State must prove beyond a reasonable doubt that the Defendant did not act in self defense." The trial court refused this special request. We find that the trial court did not err in failing to give appellant's requested instruction in view of the instructions which were given. The trial court gave the standard jury instruction which reads in part:
If in your consideration of the issue of self defense you have a reasonable doubt on the question of whether or not the Defendant was justified in the use of force likely to cause death or great bodily harm, you should find the Defendant not guilty. However, if from the evidence you are convinced that the Defendant was not justified in the use of force likely to cause death or great bodily harm, you should find him guilty if all of the elements have been proven.
See Fla.Std. Jury Instr. (Crim.) 3.04(d).
Because the jury was told that appellant must be acquitted if there was any reasonable doubt concerning his justification in using force against the alleged victim, there was no reasonable possibility that the jury was misled in regard to the prosecution's burden of proof. See Cronin v. State, 470 So.2d 802 (Fla.4th DCA 1985) (a conviction will not be reversed merely because an instruction which might have been proper is not given; the reviewing court must conclude that the jury was misled by the instructions which were used).
Likewise, appellant's contention that the trial court erred in failing to instruct the jury that "a defendant has no duty to retreat when attacked in his home by a house guest or friend" lacks merit. The standard jury instruction on self defense, which was given by the trial court, reads in part as follows:

*1210 If the Defendant was attacked in his own home or on his own premises, he had no duty to retreat and had the lawful right to stand his ground and meet force with force even to the extent of using force likely to cause death or great bodily harm.
See Fla.Std. Jury Instr. (Crim.) 3.04(d). Although the standard instruction does not specify house guest or friend, it was broad enough to apprise the jury that appellant had no duty to retreat if attacked by someone in his home, be they invited or uninvited, friend or foe.
Lastly, the state concedes that the trial court improperly entered an order of restitution in this case because no restitution hearing was held. See Langston v. State, 616 So.2d 597, 598 (Fla.4th DCA) (a trial court is required to hold a hearing prior to imposing restitution), rev. denied, 626 So.2d 206 (Fla. 1993). As an aside, we note that at a hearing on another matter, all parties agreed that the issue of restitution had already been addressed and taken care of in this case.
Accordingly, we affirm appellant's conviction and sentence but vacate the order of restitution.
WARNER and POLEN, JJ., concur.