670 So.2d 160 (1996)
Michele A. ROGER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2548.
District Court of Appeal of Florida, Fifth District.
March 22, 1996.
*161 Mark M. O'Mara, of Mark M. O'Mara, P.A., Winter Park, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Appellant, Michele A. Roger ["defendant"], has raised several issues on appeal seeking reversal of her conviction of second-degree murder. After careful review, we find no basis to reverse the conviction.
As to the jury composition issues, the trial court did not abuse its discretion in seating Mr. Knoop. Although the defense justified the strike on the ground that Mr. Knoop had a problem with his ex-wife and therefore would be unsympathetic to defendant, the record contains a basis for the lower court to have concluded that defense counsel was exercising strikes in a manner designed to obtain more females on the jury. Thus, reasonable men could differ on whether the strike was pretextual and the decision of the lower court will not be disturbed. Suggs v. State, 624 So.2d 833, 835 (Fla. 5th DCA 1993).
Similarly, the lower court acted within its discretion in dismissing Ms. Sabo on objection by the state. The strike was supported by a facially neutral reason and, given the absence of any Slappy[1] factors indicating the strike was pretextual, reasonable men could differ on the validity of the strike. More fundamental, this issue was not properly preserved for review. Joiner v. State, 618 So.2d 174, 176 (Fla.1993).
*162 We also find no error in the denial of defendant's motion for judgment of acquittal on the charge of second-degree murder. Viewing the evidence in the light most favorable to the state, there was evidence from which the jury could have found that defendant stabbed the victim with a knife during the course of an argument in which she was the aggressor or a mutual combatant and that she may have killed the victim once he was helpless from the stabbing.
We conclude the jury was adequately instructed on the state's burden of proof regarding self-defense when they were instructed that they must find the defendant not guilty if they had a reasonable doubt on the question of whether or not the defendant was justified in the use of force likely to cause death or great bodily harm. This sufficiently apprised the jury that the state had to prove beyond a reasonable doubt that defendant had not acted in self-defense. See Bowen v. State, 655 So.2d 1208 (Fla. 4th DCA 1995).
The trial court properly denied a "castle" instruction which would have instructed the jury that the defendant had no duty to retreat since the victim was living in her home when the murder occurred. The "castle" doctrine is inapplicable where, as here, the combatants have equal rights to occupy the "castle."
Finally, the trial court properly refused to permit a polygraph expert to testify to the results of a polygraph test he had conducted on defendant. The results of polygraph tests are not admissible in a criminal trial in Florida. See Cassamassima v. State, 657 So.2d 906 (Fla. 5th DCA 1995).
AFFIRMED.
COBB, GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] State v. Slappy, 522 So.2d 18 (Fla.1988), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988).