681 So.2d 824 (1996)
William Franklin FRAZIER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-01270.
District Court of Appeal of Florida, Second District.
October 11, 1996.
*825 Steve Pincket, Lakeland, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
The question we address in this appeal is whether the castle doctrine applies at the workplace when the aggressor is a co-worker. We hold that it does not and affirm the trial court's denial of a jury instruction to the contrary.
William Frazier was charged with stabbing a co-worker with the intent to kill that person. At trial, Frazier claimed that he was acting in self-defense and requested a special jury instruction that he was justified in using deadly force to protect himself at his place of work. The trial court denied the requested instruction.
The jury instruction requested by Frazier is a variation of the castle doctrine which provides that a person may use deadly force to protect himself or herself in his or her home or "castle." Danford v. State, 53 Fla. 4, 13-15, 43 So. 593, 596-598 (1907). The general rule is that a person attacked is not justified in using deadly force if, without increasing the danger, he can avoid the difficulty by retreating. Id. Thus, the castle doctrine is an exception to the general duty to retreat.
In this case, Frazier sought to apply the castle doctrine to the workplace when assaulted by a co-worker. We agree with the prevailing view that the doctrine extends to protect persons in their place of employment while they are lawfully engaged in their occupation. See Redondo v. State, 380 So.2d 1107 (Fla. 3d DCA 1980); State v. Smith, 376 So.2d 261 (Fla. 3d DCA 1979); Jeffrey F. Ghent, Annotation, Homicide: Duty to Retreat as Condition of Self-Defense When One is Attacked at His Office or Place of Business or Employment, 41 A.L.R.3d 584, 587 (1972). However, the question raised in this appeal is whether the castle doctrine applies at the place of employment when the aggressor is a co-worker. No Florida case has addressed this issue. Out-of-state cases that address this question are fairly evenly divided. Ghent, supra at 588.
In State v. Bobbitt, 415 So.2d 724 (Fla. 1982), the supreme court addressed the question of whether the castle doctrine applies where the victim and assailant are occupants of the same home and held that it did not apply. This holding was premised on the fact that "both Bobbitt and her husband had equal rights to be in the `castle' and neither had the legal right to eject the other." Id. at 726. We rely on the same reasoning to hold that the doctrine does not apply in the workplace where the victim and the assailant are co-workers. Because Frazier and the victim were co-workers who both had a lawful right to be at the worksite where the altercation occurred, the castle doctrine does not apply and the trial court properly denied Frazier's requested instruction.
Frazier raised several other issues in this appeal which we do not address other than to say that none of them require reversal.
Affirmed.
THREADGILL, C.J., and BLUE, J., concur.