PER CURIAM.
T.S.S. and T. J. appeal the final order withholding adjudication for disorderly conduct and the order of community control. We reverse because there was insufficient evidence of disorderly conduct, thus, rendering the sentencing issue moot.
The only evidence the state presented was the testimony of a sheriffs deputy, who responded to a loud party behind an apartment building. The deputy’s testimony did not support a determination that the boys violated section 877.03, Florida Statutes (1993). The deputy did not hear either boy say anything in particular. The deputy testified that they continued to “hoot and holler and carry on and scream at us and of course make fun of the police.” He did not testify that the boys said anything to incite the other people who were at the party; they only encouraged them to “hoot and holler.”
We conclude that the trial court should have granted the defense’s motion for judgment of acquittal at the close of the state’s case. See State v. Saunders, 339 So.2d 641, 643 (Fla.1976) (prosecution under section 877.03 allowed only when defendant uses “ ‘fighting words’ or words like shouts of ‘fire’ in a crowded theatre”). See also C.P. v. State, 644 So.2d 600, 601 (Fla. 2d DCA 1994) (evidence insufficient to support a conviction for disorderly conduct where defendant became loud and verbally abusive which disturbed motel occupants). Furthermore, neither T.S.S. nor T.J. did anything to interfere with the deputy’s duties. They were just annoying and loud. Under Gonzales v. City of Belle Glade, 287 So.2d 669, 670 (Fla.1973), that is not enough to convict them of disorderly conduct.
Reversed and remanded with directions to the trial court to enter a judgment of acquittal for the defense.
CAMPBELL, A.C.J., and FRANK and PARKER, JJ., concur.