717 So.2d 581 (1998)
Hilary UNIS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2385.
District Court of Appeal of Florida, Fourth District.
August 26, 1998.
H. Scott Hecker of Law Office of H. Scott Hecker, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm Appellant's conviction for aggravated battery. The trial court did not err in denying her request for a jury instruction on the "castle doctrine." The "castle doctrine" provides that where one is not the aggressor and is violently assaulted in one's home, there is no obligation to retreat, and one may use such force as reasonably appears necessary to protect oneself. See Cannon v. State, 464 So.2d 149 (Fla. 5th DCA 1985). Appellant was involved in a fight with her boyfriend's ex-girlfriend and her children, which occurred in the boyfriend's home. Appellant was a social guest, but was not a resident.
The trial court correctly refused to give a jury instruction on the "castle doctrine" where both Appellant and the victim were guests, and as such, both had an equal right to be in the home. "The `castle' doctrine is inapplicable where ... the combatants have equal rights to occupy the `castle'." Roger v. State, 670 So.2d 160, 162 (Fla. 5th DCA 1996) (castle doctrine instruction was inapplicable where victim was living in defendant's home when murder occurred, and had equal rights to occupy the home); see also Frazier v. State, 681 So.2d 824 (Fla. 2d DCA 1996) (castle doctrine does not apply at workplace where aggressor is a co-worker, as both co workers have a lawful right to be at the work site where the altercation occurs).
Appellant's conviction is, therefore, affirmed.
STONE, C.J., and FARMER and GROSS, JJ., concur.