724 So.2d 666 (1999)
David Patrick MARSH, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3569.
District Court of Appeal of Florida, Fifth District.
January 15, 1999.
James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maximillian J. Changus, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, Judge.
The defendant appeals from his convictions for two counts of resisting an officer without violence, culpable negligence and disorderly conduct.
The defendant argues that the trial court erred in denying his motion for judgment of acquittal on the disorderly conduct charge. We disagree. The evidence, when viewed in a light most favorable to the state as it must be in considering such a motion, established that the defendant's loud, belligerent, accusatory tirade, targeted at Officer Kelly, was such that it excited the gathering crowd (of upwards of ten people) to such a level that a second officer developed safety concerns. See State v. Saunders, 339 So.2d 641 (Fla. 1976). This case is distinguishable from the cases cited by the defendant such as T.S.S. v. State, 696 So.2d 820 (Fla. 2d DCA 1997), Miller v. State, 667 So.2d 325 (Fla. 1st DCA 1995), B.R. v. State, 657 So.2d 1184 (Fla. 1st DCA 1995)and L.A.T. v. State, 650 So.2d 214 (Fla. 3d DCA 1995), wherein the evidence was insufficient to show that the defendant's conduct had the effect of exciting a crowd so as to create safety concerns.
We additionally observe that the court and jury in this case had the benefit of an audio tape of the incident which had been prepared by the defendant and which was played at trial. The court and the jury thus had the unusual opportunity of hearing the actual events surrounding the incident.
The defendant does present a meritorious point. It was error for the court to adjudicate the defendant guilty and sentence him for two separate counts of resisting arrest without violence. The evidence supports only a single continuing episode of resisting without violence.
The convictions and sentences for disorderly conduct, culpable negligence and one count of resisting an officer without violence are affirmed. The conviction and sentence for the second count of resisting without violence is reversed.
AFFIRMED in part; REVERSED in part.
GRIFFIN, C.J. and HARRIS, J., concur.