LAWSON, J.
 

 Levi Scott Jones was charged by information with one count of attempted first-degree premeditated murder with a firearm, which was reduced at trial (on the defense’s motion for judgment of acquittal) to attempted second-degree murder with a firearm. The jury found Jones guilty of the lesser-included offense of aggravated battery with a firearm. On appeal, Jones argues that the trial court fundamentally erred by instructing the jury using a portion of standard jury instruction 3.6(f), on
 
 *140
 
 the justifiable use of deadly force. We affirm.
 

 The portion of the standard instruction to which Jones’ argument is addressed simply informed the jury that they should find Jones not guilty if they had “a reasonable doubt on the question of whether the defendant was justified in the use of force likely to cause death or great bodily harm.... ” Contrary to Jones’ argument, this statement in no way shifted the burden of proof to him.
 
 Cf. Fields v. State,
 
 988 So.2d 1185 (Fla. 5th DCA 2008) (reversing conviction where the trial court erroneously instructed the jury that they could only acquit the defendant if the defense of self-defense was established beyond a reasonable doubt). Rather, the instruction in Jones’ case simply and accurately told the jury that they could not convict Jones if they had reasonable doubt as to whether he was acting in self-defense when he shot the purported victim. Additional instructions clearly explained to the jury that the burden of proof rested solely with the State, and that Jones was not required to prove anything.
 

 AFFIRMED.
 

 GRIFFIN and TORPY, JJ., concur.