PER CURIAM.
 

 Appellant seeks review of his first-degree murder conviction and resulting life sentence. Among the issues raised on appeal, Appellant argues that the trial court fundamentally erred by failing to specifically instruct the jury that the state had the burden to prove beyond a reasonable doubt that he did not act in self-defense. We reject this argument for the reasons that follow, and we affirm Appellant’s remaining claims without discussion.
 

 Without objection, the trial court gave the jury the following instructions pertinent to Appellant’s claim of self-defense:
 

 An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which [Appellant] is charged if the death of [the victim] resulted from the justifiable use of deadly force. Deadly force means force likely to cause death or great bodily harm.
 

 A person is justified in using deadly force if he reasonably believes that such force is necessary to prevent, one, imminent death or great bodily harm to himself or another, or, two, the imminent commission of aggravated battery against himself or another.
 

 If in your consideration of the issue of self-defense, you have a reasonable doubt on the question of whether the defendant was justified in the use of deadly force, you should find the defendant not guilty. However, if from the evidence you are convinced that the defendant was not justified in the use of deadly force, you should find him guilty if all the elements of the charge have been proved.
 

 Further, the court gave the following instruction on the burden of proof:
 

 The defendant has entered a plea of not guilty. This means you must presume or believe the defendant is innocent. The presumption stays with the defendant, as to each material allegation in the information, through each stage of the trial unless it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt. To overcome the defendant’s presumption of innocence, the State has the burden of proving the crime with which the defendant is charged was committed and the defendant is the person who committed the crime. The defendant is not required to present evidence or prove anything.
 

 Appellant argues that the trial court’s failure to specifically instruct the jury that the state had the burden to disprove his claim of self-defense was fundamental error because “self-defense is really in the nature of an element of the offense once the defendant presents some evidence to warrant the instruction,” and under
 
 Reed v. State,
 
 837 So.2d 366 (Fla.2002), and
 
 State v. Delva,
 
 575 So.2d 643 (Fla.1991), the failure to instruct the jury on a disputed element of the charged offense constitutes fundamental error. There is no merit to this argument.
 

 
 *758
 
 The fundamental error doctrine applies “only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.”
 
 Martinez v. State,
 
 981 So.2d 449, 455 (Fla.2008) (quoting
 
 Smith v. State,
 
 521 So.2d 106, 108 (Fla.1988)) (emphasis omitted). The failure to give an instruction on an affirmative defense is not
 
 per se
 
 fundamental error.
 
 See id.
 
 (“We have never held that the failure to give an instruction ... on an affirmative defense always constitutes fundamental error.”). Rather, “[w]here the challenged jury instruction involves an affirmative defense, as opposed to an element of the crime, fundamental error only occurs where a jury instruction is ‘so flawed as to deprive defendants claiming the defense ... of a fair trial.’ ”
 
 Id.
 
 (quoting Smith).
 

 Appellant’s reliance on
 
 Reed
 
 and
 
 Delva
 
 is misplaced because self-defense is not an element of first-degree murder, the offense at issue; rather, it is an affirmative defense that has the effect of legally excusing the defendant from an act that would otherwise be a criminal offense.
 
 See id.
 
 at 452-53 (quoting
 
 Hopson v. State,
 
 127 Fla. 243, 168 So. 810, 811 (1936));
 
 Cancel v. State,
 
 985 So.2d 1127, 1131 n. 3 (Fla. 5th DCA 2008) (Griffin, J., specially concurring);
 
 but cf. Zuniga v. State,
 
 869 So.2d 1239, 1240 (Fla. 2d DCA 2004) (“The self-defense instruction can be likened to an element of the offense for its importance to the defendant.”). The defendant has the burden of presenting sufficient evidence that he acted in self-defense in order to be entitled to a jury instruction on the issue. But the presentation of such evidence does not change the elements of the offense at issue; rather, it merely requires the state to present evidence that establishes beyond a reasonable doubt that the defendant did not act in self-defense.
 

 The cases cited by Appellant in support of his argument on this issue stand simply for the proposition that in a criminal prosecution the burden of proving guilt beyond a reasonable doubt never shifts from the state and, as a result, when self-defense is properly at issue, the state effectively has the burden to prove that defendant was not acting in self-defense during the commission of the criminal act.
 
 See, e.g., Sipple v. State,
 
 972 So.2d 912, 915-16 (Fla. 5th DCA 2007);
 
 Andrews v. State,
 
 577 So.2d 650, 652-53 (Fla. 1st DCA 1991). Those cases do not, however, stand for the proposition that the trial court is required to specifically instruct the jury of the state’s burden to disprove the claim of self-defense.
 

 Not only did Appellant fail to cite any cases supporting his argument that such an instruction is required, he neglected to even acknowledge the cases in which the argument has been expressly rejected. In
 
 Bowen v. State,
 
 655 So.2d 1208 (Fla. 4th DCA 1995), the appellant argued that the trial court erred in denying his request to instruct the jury that the state must prove beyond a reasonable doubt that the defendant did not act in self-defense. The court rejected this argument and held that the standard jury instruction given in that case — which was materially the same as the instruction read in this case — adequately informed the jury that the defendant must be acquitted if there was any reasonable doubt concerning the defendant’s use of force against the victim.
 
 Id.
 
 at 1209.
 

 More recently, in
 
 Bridges v. State,
 
 878 So.2d 483 (Fla. 4th DCA 2004), the court rejected the appellant’s argument that the trial court fundamentally erred by failing to instruct the jury that the state had the burden to prove beyond a reasonable doubt that the defendant did not act in self-defense. The court noted that the
 
 *759
 
 jury in that case — like the jury in this case — was instructed that “if it had reasonable doubt on the issue of whether the defendant was justified in using force, it should find him not guilty,” and the court explained:
 

 Our standard jury instructions, from which the above instructions were taken, do not include an instruction that the state has the burden to prove beyond a reasonable doubt the absence of self-defense, where self-defense is raised. Nor has appellant cited any Florida case which would require the giving of such an instruction.
 

 Id.
 
 at 484. Similarly, in
 
 Bolin v. State,
 
 297 So.2d 317 (Fla. 3d DCA 1974), the court explained:
 

 [W]hen the defendant raises self-defense as an issue at trial it is within the province of the trial court to determine whether or not the evidence, viewed most favorably to the defendant, is adequate to support an instruction on self-defense. Once the judge concludes that the self-defense issue is proper, he need only instruct the jury as to the elements of self-defense. He will have no occasion to speak of burden of proof other than to explain the state’s burden of proving guilt beyond a reasonable doubt.
 

 Id.
 
 at 319 (internal quotations omitted).
 

 The jury instructions in this case correctly instructed the jury as to the elements of self-defense.
 
 See Jones v. State,
 
 13 So.3d 139 (Fla. 5th DCA 2009) (holding that the standard jury instruction on the justifiable use of deadly force did not shift the burden of proof to the defendant);
 
 cf. Fields v. State,
 
 988 So.2d 1185, 1190 (Fla. 5th DCA 2008) (reversing based upon erroneous self-defense instruction that potentially left the jury with the impression that it had to find the defendant guilty if he did not prove his claim of self-defense beyond a reasonable doubt). And the instructions, taken as a whole, clearly, comprehensively, and correctly instructed the jury on the state’s burden of proof.
 
 See Roger v. State,
 
 670 So.2d 160,162 (Fla. 5th DCA 1996) (holding that the jury was sufficiently apprised of the state’s burden of proof regarding self-defense where they were instructed that they must find the defendant not guilty if they had a reasonable doubt on the question of whether the defendant was justified in the use of deadly force);
 
 Bowen,
 
 655 So.2d at 1209 (“Because the jury was told that appellant must be acquitted if there was any reasonable doubt concerning his justification in using force against the alleged victim, there was no reasonable possibility that the jury was misled in regard to the prosecution’s burden of proof.”);
 
 Bolin,
 
 297 So.2d at 319 (“A conviction will not be reversed because a particular jury instruction has not been given where, on the whole, the charges as given are clear, comprehensive, and correct.”).
 

 In sum, based upon the authorities above, the trial court did not err (and, certainly, did not fundamentally err) by failing to specifically instruct the jury that the state had the burden to disprove Appellant’s claim of self-defense. We find no merit in Appellant’s remaining claims. Accordingly, we affirm Appellant’s judgment and sentence.
 

 AFFIRMED.
 

 HAWKES, C.J., WETHERELL and ROWE, JJ., concur.