PER CURIAM.
 

 The appellant, Shawn Wayne Elliot, appeals his judgment and sentence for second-degree murder. He argues on appeal that the trial court fundamentally
 
 *270
 
 erred by failing to specifically instruct the jury that the State had the burden to prove beyond a reasonable doubt that the killing was not an act of justifiable or excusable homicide. We reject this argument for the reasons that follow and affirm.
 

 The appellant was charged by indictment with the premeditated murder of Ira Dixon. The State’s theory was that the appellant, fueled by alcohol and drugs and the fact that Dixon was hitting on his girlfriend, intentionally shot and killed Dixon. The appellant’s only defense was that the State did not prove beyond a reasonable doubt that a crime was committed or that he was the one who committed the crime.
 

 The State provided the jury instructions and the defense had the opportunity to review and make any objections. Without objection, the trial court instructed the jury on first-degree murder as well as the lesser crimes of second-degree murder and manslaughter. The trial court also gave the jury the standard instructions on excusable and justifiable homicide and on burden of proof. The jury found the appellant guilty of the lesser-included offense of second-degree murder.
 

 By not objecting to the jury instructions at trial, the appellant failed to preserve this issue for appellate review.
 
 See State v. Delva,
 
 575 So.2d 643, 644-45 6(Fla.1991). On appeal, the appellant argues the jury instructions constituted fundamental error. This Court reviews the issue of unpreserved fundamental error under the
 
 de novo
 
 standard.
 
 See Beckham v. State,
 
 884 So.2d 969, 970 (Fla. 1st DCA 2004).
 

 Fundamental error is error which reaches “down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.”
 
 See Delva,
 
 575 So.2d at 644-45 (quotation omitted). In the context of jury instructions, fundamental error occurs only when an omission is pertinent or material to what the jury must consider in order to convict.
 
 See Stewart v. State,
 
 420 So.2d 862, 863 (Fla.1982).
 

 The crux of the appellant’s fundamental error argument relies on the fact that the failure to instruct the jury on a disputed element of a charged offense constitutes fundamental error.
 
 See Reed v. State,
 
 837 So.2d 366 (Fla.2002) (finding the failure to use correct definition of malice in standard jury instruction for aggravated child abuse was fundamental error, where the element of malice was disputed at trial).
 
 See also Delva,
 
 575 So.2d at 644-45. However, the appellant’s reliance on
 
 Reed
 
 and
 
 Delva
 
 is misplaced because excusable and justifiable homicide are not elements of the offense at issue; rather, they have the effect of legally excusing the defendant from an act that would otherwise be a criminal offense. Furthermore, this Court recently found no error where the jury was not specifically instructed that the State had the burden to disprove self-defense beyond a reasonable doubt.
 
 See Mosansky v. State,
 
 33 So.3d 756, 758-59 (Fla. 1st DCA 2010) (holding that where a challenged jury instruction involves an affirmative defense, as opposed to an element of the crime, fundamental error only occurs where a jury instruction is so flawed as to deprive defendants claiming the defense of a fair trial).
 

 In the instant case, the instructions read to the jury without objection included a direction that the State must prove its case beyond a reasonable doubt as well as the instruction on justifiable or excusable homicide. The jury instructions explicitly stated the State had the burden of proving the crime and that the defendant did not
 
 *271
 
 have to prove anything. Thus, there was no reason for the jury to think a different standard applied to the instruction on justifiable or excusable homicide. As in
 
 Mo-sansky,
 
 “the instructions, taken as a whole, clearly, comprehensively, and correctly instructed the jury on the state’s burden of proof.”
 
 Id. See also Bolin v. State,
 
 297 So.2d 317, 319 (Fla. 3d DCA 1974) (“A conviction will not be reversed because a particular jury instruction has not been given where, on the whole, the charges as given are clear, comprehensive, and correct.”).
 

 Moreover, the appellant failed to demonstrate that he was deprived of a fair trial. The alleged error did not “permeate or saturate the trial with such basic invalidity” as is required to find fundamental error.
 
 See Brown v. State,
 
 124 So.2d 481, 484 (Fla.1960).
 

 Accordingly, we affirm the appellant’s judgment and sentence.
 

 AFFIRMED.
 

 THOMAS, ROBERTS, and MARSTILLER, JJ., concur.