VAN NORTWICK, J.
Antwan J. Tyler appeals a judgment of conviction for armed robbery with a firearm. We affirm all issues raised on appeal. We write because, in Issue IV, appellant’s argument misreads our decision in Mosansky v. State, 33 So.3d 756 (Fla. 1st DCA 2010), and we wish to emphasize the correct reading. In Issue IV, appellant asserts that the giving of the standard instruction on duress was fundamental error because the instruction does not adequately explain the burden of the prosecution to prove beyond a reasonable doubt that a defendant did not act out of duress. The appellant’s argument is without merit.
Appellant argues in his Initial Brief, as follows:
The defense of duress is similar to the defense of self-defense insofar as each constitutes an excuse or legal justification for the commission of the charged crime. Because of this similarity the jury considering the claim of duress should be instructed, as in the case of self-defense, that once the defendant presents a prima facie claim of duress, the burden shifts to the state to prove beyond a reasonable doubt that the defendant did not act out of duress.
The standard instruction on self-defense actually provides:
If in your consideration of the issue of self-defense you have a reasonable doubt on the question of whether the defendant was justified in the use of deadly force, you should find the defendant not guilty.
Fla. Std. Jury Instr. (Crim.) 3.6(f). This instruction has been deemed sufficient. Mosansky v. State, 33 So.3d 756 (Fla. 1st DCA 2010). Based on Mosansky, a similar instruction should be used where the defense of duress is at issue. The failure to use such an instruction in the present case was error.
(Initial Brief, pp. 31-32).
The standard self-defense instruction does not provide that the burden of proof shifts to the State, as appellant suggests in the passage quoted-above. Further, the decision in Mosansky does not support a burden-shifting instruction, contrary to appellant’s argument.
In Mosansky, the appellant argued that “the trial court fundamentally erred by failing to specifically instruct the jury that the state had the burden to prove beyond a reasonable doubt that he did not act in self-defense.” Mosansky, 33 So.3d at 757. The Mosansky court expressly rejected this argument, however, explaining that the cases cited by the appellant therein “do not ... stand for the proposition that the trial court is required to specifically instruct the jury of the state’s burden to disprove the claim of self-defense.” Id. at 758; see also Elliot v. State, 49 So.3d 269, 270-71 (Fla. 1st DCA 2010).
As explained by the United States Supreme Court in Dixon v. U.S., 548 U.S. 1, 7, 126 S.Ct. 2437, 2442, 165 L.Ed.2d 299 (2006), a case not cited by either party in the case before us, the defense of duress allows the defendant to “avoid liability ... because coercive conditions or necessity negates a conclusion of guilt even though the necessary mens rea was present.” (quoting U.S. v. Bailey, 444 U.S. 394, 402, 100 S.Ct. 624, 631, 62 L.Ed.2d 575 (1980)). The Court held that there is no constitutional basis for placing upon the government the burden of disproving a defendant’s duress defense beyond a reasonable doubt. 548 U.S. at 8, 126 S.Ct. at 2442. Neither does “modern common law” require the government to bear such a burden. Id. As the Court further explained in Dixon:
it bears repeating that, at common law, the burden of proving “affirmative de *813 fenses — indeed, ‘all ... circumstances of justification, excuse or alleviation’ — rested on the defendant.” Patterson [v. New York, 432 U.S. 197, 202, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977)](quoting 4 W. Blackstone, Commentaries *201); see also Martin v. Ohio, 480 U.S., at 235, 107 S.Ct. 1098, 94 L.Ed.2d 267; Mullaney v. Wilbur, 421 U.S. 684, 693, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). This common-law rule accords with the general evidentiary rule that “the burdens of producing evidence and of persuasion with regard to any given issue are both generally allocated to the same party.” 2 J. Strong, McCormick on Evidence § 337, p. 415 (5th ed. 1999). And, in the context of the defense of duress, it accords with the doctrine that “where the facts with regard to an issue lie peculiarly in the knowledge of a party, that party has the burden of proving the issue.” Id. at 413.
548 U.S. at 8-9, 126 S.Ct. at 2443.
We find no error in the challenged jury instructions.
AFFIRMED.
ROWE and MARSTILLER, JJ., Concur.